1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT 1

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 676-8440

RECEIVED
SEATTLE MUNICIPAL COURT

2018 AUG 14  PM 2: 51

COURT RECORDS

IN THE MUNICIPAL COURT OF THE CITY OF SEATTLE
KING COUNTY, WASHINGTON

The City of Seattle and Seattle Office of Labor Standards,

 Petitioners,

vs.

Transdev Services, Inc., a Maryland for profit corporation;

 Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No.: **18 - 025**

COMPLAINT FOR ENFORCEMENT OF A SETTLEMENT AGREEMENT

Petitioners, The City of Seattle and the Seattle Office of Labor Standards (collectively "SOLS"), allege as follows:

## I. PARTIES AND JURISDICTION

1.1 The City of Seattle is a municipal corporation of the first class, organized and existing under the laws of the State of Washington.  The Seattle Office of Labor Standards (SOLS) is a department of the City of Seattle.  During the period described herein, SOLS was authorized to enforce the City's labor standards ordinances, including Seattle Municipal Code (hereinafter "SMC") Chapter 14.16.

1.2 Respondent Transdev Services, Inc. (hereinafter "Transdev") is a foreign for-profit corporation that did business in Seattle at all times relevant herein.

COMPLAINT - 1
(Transdev Services, Inc.)

COPY

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1.3     The Seattle Municipal Court has jurisdiction over the parties and the subject matter of this complaint pursuant to SMC 14.16.100.A.3 and RCW 3.50.020.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

2.1     On April 2, 2014, SOLS[1] brought a charge on behalf of Howard Berry under the Paid Sick and Safe Time (hereinafter "PSST") ordinance, Chapter 14.16 of the SMC.

2.2     On July 8, 2014, SOLS found in a Finding of Fact, Determination, and Offer to Conciliate reasonable cause to believe that Transdev,[2] in its treatment of Mr. Berry, violated Chapter 14.16 of the SMC by requiring documentation in order to provide sick leave.

2.3     The 2014  charge was resolved by a Conciliation Agreement and Order on July 29, 2014 that addressed the documentation and retaliation violations.  The Conciliation Agreement and Order was signed by Mr. Berry, representatives of Transdev, and SOCR.

2.4     On April 4, 2016, SOLS brought another charge against Transdev alleging that Transdev failed to give Seattle employees PSST at the rate the PSST ordinance required and that Transdev precluded employee use of PSST by:  (1) only allowing PSST use in one-hour increments, as opposed to 15-minute increments; and (2) penalizing employees for late arrivals and absences covered by the PSST ordinance through a disciplinary point system used by Transdev.

2.5     On June 13, 2017, Transdev and OLS executed a Predetermination Settlement Agreement and Order (hereinafter referred to as the "Settlement Agreement").  The Settlement Agreement, with attachments, is attached hereto as **Exhibit A.**

2.6     Section 2 of the Settlement Agreement requires Transdev to comply with Chapter 14.16 of the Seattle Municipal Code.

---

[1] At this time, SOLS was a division of the Seattle Office for Civil Rights.
[2] At this time, Transdev was known as Veolia Transportation Services, Inc. before  changing its name to Transdev Services, Inc. in August 2014.

COMPLAINT - 2
(Transdev Services, Inc.)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1

2.7    SMC 14.16.025.B.2 requires employees of a Tier 3 employer to accrue at least one hour of PSST for every 30 hours worked.  Transdev is a Tier 3 employer.

2.8    Section 5 of the Settlement Agreement requires Transdev to provide all Washington employees PSST balances as required by Chapter 14.16 of the Seattle Municipal Code beginning January 1, 2017.

2.9    Section 6 of the Settlement Agreement requires Transdev to make a good-faith effort to review all disciplinary points assessed to employees in the last year and remove all points that were assessed for PSST protected absences or tardies, and to remove all warnings or writeups due to PSST-protected absences or tardies in employees' personnel files.

2.10    Section 7 of the Settlement Agreement requires Transdev to implement a policy for union members that complies with Attachment D to the Settlement Agreement, hereinafter referred to as the "OLS Approved Union Member PSST Policy."

2.11    Section III of The OLS Approved Union Member PSST Policy requires the following:

a.    PSST to accrue each pay period, at one hour for every 30 hours worked;

b.    unused PSST hours can be carried over to future years with no limit on the number of hours that may be accrued; and

c.    employees to be able to use PSST in increments of 15 minutes, as it is earned.

2.12    Section 8 of the Settlement Agreement required Transdev to retroactively apply the OLS Approved Union Member PSST Policy by January 1, 2017 to all unionized workers.

2.13    Transdev has limited union employees' use of PSST by maintaining a cap of 48 PSST hours that unionized employees may use per year as demonstrated by the following payroll information provided by Transdev on February 28, 2018:

COMPLAINT - 3
(Transdev Services, Inc.)

| Employee Name | 2017 Hours Worked | Accrued PSST Hours Per SMC | Accrued PSST Hours per paycheck |
|---|---|---|---|
| Travis B. | 2050.54 | 68.35 | 48 |
| Suzanne B. | 2087.67 | 69.59 | 48 |
| Chelsie B. | 1927.92 | 64.26 | 48 |
| Nimo J. | 2373.95 | 79.13 | 48 |
| Francine L. | 1466.13 | 48.87 | 48 |
| Stephanie S. | 2091.01 | 69.70 | 48 |
| Bernadine U. | 2160.19 | 72.01 | 48 |
| Dorothy F. | 1937.30 | 64.58 | 48 |
| Bruce F. | 1986.35 | 66.21 | 48 |
| Mike N. | 2173.78 | 72.46 | 48 |
| Eric N. | 2262.10 | 75.40 | 48 |
| Gelie R. | 2047.56 | 68.25 | 48 |

## III.   CAUSE OF ACTION: ENFORCEMENT OF SETTLEMENT AGREEMENT

3.1     Paragraphs 2.1 through 2.13 are incorporated by reference as the basis for the cause of action under SMC 14.16.

3.2     Section 14 of the Settlement Agreement allows SOLS to take appropriate steps to secure compliance if Transdev fails to comply with any term of the Settlement Agreement.

3.3     Section 16 of the Settlement Agreement states the Agreement will have the effect of a Director's Order.

3.4     SMC 14.16.0125.B.2 allows employees to accrue PSST at the rate of at least one hour for every 30 hours worked.

3.5     SMC 14.16.100 provides that if a party fails to comply within 30 days of service of any settlement agreement with SOLS, it may refer the matter to the City Attorney for the filing of a civil action in the Seattle Municipal Court.

COMPLAINT - 4
(Transdev Services, Inc.)

3.6     SMC 14.16.080.F allows SOLS to assess a $500 penalty per aggrieved party for non-compliance with chapter 14.16 SMC.

## IV. PRAYER FOR RELIEF

Wherefore, Petitioners pray for relief as follows:

4.1     For a finding that Transdev has failed to comply with the terms of the Settlement Agreement;

4.2     For an Order directing Transdev to come into immediate compliance with the Settlement Agreement and to restore all employees to the PSST hours required by the SMC 14.16.025;

4.3     For a judgment against Transdev in favor of OLS for $500 per aggrieved party, as provided for in SMC 14.16.080.F;

4.4     For a judgment against Transdev in favor of the City of Seattle for reasonable attorneys' fees and costs; and

4.5     For any other relief that the court deems just and equitable.

DATED this _13th_ day of _August_, 2018.

PETER S. HOLMES
Seattle City Attorney


By: _Stephen Manning_
STEPHEN MANNING, WSBA# 36965
Assistant City Attorney
*Attorney for Petitioners,*
*The City of Seattle and*
*The Seattle Office of Labor Standards*

COMPLAINT - 5
(Transdev Services, Inc.)

BEFORE THE SEATTLE OFFICE OF LABOR STANDARDS

Office of Labor Standards,

    Charging Party,

    vs.

Transdev Services, Inc. dba Veolia
Transportation Services, Inc.,

    Respondent.

CASE NO. 2015-00146-LS

PREDETERMINATION
SETTLEMENT AGREEMENT
AND ORDER

A charge has been filed with the Office of Labor Standards (OLS) against the above-named Respondent under the Paid Sick and Safe Time Ordinance -- Seattle Municipal Code (SMC) Chapter 14.16 (Ordinance).

The above-named parties have met in conference and conciliation and desire to settle this matter without further investigation or proceedings by entering into this Predetermination Settlement Agreement and Order (Agreement).

IT IS THEREFORE AGREED AS FOLLOWS:

1. **First Violation**. This constitutes an agreement that a First Violation of the Ordinance has occurred, which Respondent agrees not to contest.

2. **Complete Compliance**. Respondent shall comply with all provisions of the Ordinance.

3. **Notice to Employees**. Within 10 days of the execution of this Agreement by the Director, Respondent shall distribute the notices attached to this Agreement as Attachments A and B to current and former employees according to union membership status, with the checks for the civil penalties, detailed in Paragraph 4.

**Civil Penalties**

4. **Civil Penalties**. Respondent shall make a payment to each current and former employee who is or was a member of a union and was employed

PREDETERMINATION SETTLEMENT AGREEMENT -1
2015-00146-LS

EXHIBIT A

at any time between April 4, 2016 and the present, for no less than 60 days, in the amount of $50 as a civil penalty for a first violation of the Ordinance. If the PSST policy, as amended and attached hereto, is not published and operable on or before June 30, 2017, Respondent shall pay the same civil penalty of $50 to every current and former employee who was employed, for no less than 60 days, at any time between April 4, 2016 and present.

   a. For current employees, payments must be distributed in the normal manner each employee receives their paychecks.

   b. For former employees, payments must be mailed to the last-known address.

   c. Respondent shall notify OLS of any checks that remain uncashed after 90 days. Within 10 days of that date, Respondent shall reissue the unclaimed checks per OLS instructions and provide those checks to OLS, along with all known contact information for the current or former employees who did not cash their checks.

## Paid Sick and Safe Time

5. **Paid Sick and Safe Time Accrual.** Beginning January 1, 2017, Respondent provided all Washington employees paid sick and safe time balances as required by the Ordinance. For nonunion employees, Respondent will permit them to use the balance without limit until 2018, and will carry any remaining balance into 2019, without capping it, pursuant to the Nonunion Paid Safe and Sick Time Policy as identified in Paragraph 7, herein.

6. **Removal of Discipline for Protected Time Off.** Within 30 days of the execution of this Agreement by the Director, Respondent shall make a good-faith effort to review all disciplinary points assessed to employees in the last year and remove all points that were assessed for PSST-protected absences or tardies. Where any employees have in their personnel files warnings or writeups due to PSST-protected absences or tardies, Respondents shall rescind those warnings or writeups.

7. **Paid Sick and Safe Time Policy.** Within 30 days of the execution of this Agreement by the Director, Respondent shall implement the policies to comply with PSST that are attached to this Agreement as Attachment C (non-union) and D (union).

8. **Broad Application of Paid Sick and Safe Time Policy.** Respondent shall retroactively apply its PSST policy of Attachment C to all its non-union workers in the State of Washington for all hours worked beginning January 1, 2017. Respondent shall retroactively apply its PSST policy of Attachment D to all unionized workers who work in Seattle beginning January 1, 2017.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Overall**

9. **Proof of Compliance.** Within 30 days of the execution of this Agreement by the Director, Respondent shall provide written documentation to OLS Investigator Sarah Leyrer to show that its practices comply with this Agreement, including proof that Respondent complied with the above Paragraphs, specifically:

  a. A sworn declaration describing the good-faith effort to review disciplinary points and discover those that were related to PSST-protected absences or tardies, and describing the result of that effort; stating that the Notices from Attachments A and B were distributed to current and former employees (as appropriate based upon union membership) and the date of the distribution; stating the civil penalties payments were distributed as required by Paragraph 4, and the date of the distribution; and stating the date Respondent implemented the PSST policies from Attachments C and D;

  b. A copy of the most recent payroll records including PSST balances for all Washington employees;

  c. A list of all current and former employees who received the civil penalties payments, including information on how the payment was distributed for each person; and

  d. Any other information that will demonstrate Respondent's compliance with the Ordinance.

10. **Compliance Monitoring.** For twenty-four months after the execution of this Agreement by the Director:

  a. Respondent shall permit OLS to visit Respondent's place of business, review records, and interview employees;

  b. Respondent shall submit the documents set forth in this paragraph to OLS twice a year by the stated dates or until Respondent no longer does business, whichever is first. The submission of documents shall be no later than January 31, 2018 and July 31, 2018. The documents shall include:

    i. An employee roster with personal phone numbers and addresses for each employee in Washington;

    ii. The current PSST policies for:
        1. Unionized workers; and
        2. Nonunionized workers

    iii. The current absence-control policies for:
        1. Unionized workers; and
        2. Nonunionized workers

    iv. An accounting of PSST hours all Washington workers accrued and used in the preceding six months; and

v. A copy of the most recent PSST notifications to employees.

11. **Training.** Within 10 days of the Director's execution of this Agreement, Respondent shall contact an OLS Business Liaison at laborstandards@seattle.gov to schedule training. Within six months of the Director's execution of this Agreement, Respondent's Management at that time shall attend training hosted by the OLS Business Liaison. **Management** includes each individual who supervises or will supervise any of Respondent's employees. Currently, Respondent's management includes: General Manager, Director of Human Resources, Director of Purchasing & Administration, Director of Safety and Director of Maintenance. Respondent shall count training as hours worked for trainees.

Respondent shall seek annual training through an OLS Business Liaison for all new Management employees, and Management "Refresher training" every two years until 2020.

12. **Waiver of Rights.** OLS shall not file a charge against Respondent with respect to any of the specific matters that are alleged in this case.

13. **No Retaliation.** There shall be no discrimination or retaliation of any kind against any person because of opposition to any practice prohibited under SMC 14.16 or because of the filing of a charge, giving of testimony or assistance, or participation in any manner in any investigation, proceeding or hearing thereunder. Respondent shall distribute copies of this Agreement, including this prohibition on discrimination and retaliation, to each of Respondent's Management employees as defined in Paragraph 11.

14. **Remedies if Respondent Fails to Comply.** In the event Respondent fails to promptly comply with any term of this Agreement, the Director may take appropriate steps to secure compliance.

15. **Public Disclosure.** This Agreement can be disclosed to the public, in accordance with RCW 42.56.070 and SHRR 40.065.

16. **Director's Order.** This Agreement shall have the effect of a Director's Order.

17. **Contract.** Respondent acknowledges that this Agreement is enforceable as a contract.

18. **Severability.** If any provision within this Agreement is found to be unenforceable, the remaining provisions shall remain valid and enforceable.

_6/13/17_
Date

_Ronald R Bul_
Transdev Services, Inc.

By: _Ronald K. Bushman_

Title: _Regional Vice President_

_6/22/17_
Date

_Dylan Orr_
Dylan Orr
Director
Office of Labor Standards

PREDETERMINATION SETTLEMENT AGREEMENT -5
2015-00146-LS

1.     FOR THE SEATTLE OFFICE OF LABOR STANDARDS:

2

3     IT IS HEREBY ORDERED that the terms and conditions set forth in the attached
Predetermination Settlement Agreement and Order are in full force and effect
and binding between the above-named parties and that all parties shall fully
comply therewith.

5

6                 Dated this 22nd day of ___June_____, 2017

7

8                 Dylan Orr
Director

9                 Office of Labor Standards

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PREDETERMINATION SETTLEMENT AGREEMENT -6
2015-00146-LS

 City of Seattle

Edward B. Murray, Mayor

**Office of Labor Standards**
Dylan Orr, Director

### Attachment A - Notice to Non-Union Employees

The Office of Labor Standards investigated Transdev Services, Inc. and determined that the company was partially out of compliance with the Paid Sick and Safe Time Ordinance during the period of January 2016 through May 2017.

The Paid Sick and Safe Time ordinance provides that all employees (with some exemptions) must accrue and be able to use paid sick and safe time hours for qualifying circumstances. A company the size of Transdev must allow employees to accrue one PSST hour for every 30 hours worked. Transdev has agreed to voluntarily correct their policy and provide a more generous benefit to its employees by allowing all Washington employees to accrue and use PSST for all hours worked (not just hours in Seattle, as the Ordinance requires) beginning January 2017. You will receive a payment of $50 to compensate you for the noncompliance.

You will receive an updated copy of the PSST policy. If you have any questions, you may contact your supervisor, the Director of Human Resources, or the Seattle Office of Labor Standards. Retaliation for asserting your rights under the Ordinances is prohibited. If you think you are being retaliated against, contact the Office of Labor Standards at 206-684-4500.

### Adjunción A – Aviso a los Trabajadores No Sindicalistas

La Oficina de Normas Laborales investigó a Transdev Services, Inc. y se enteró que la compañía estuvo parcialmente fuera de cumplimiento con la ley de Tiempo Pagado por Enfermedad y Asuntos de Seguridad durante el periodo del enero 2016 al mayo 2017.

La ley de Tiempo Pagado por Enfermedad y Asuntos de Seguridad (PSST) requiere que a todos los trabajadores (con algunas excepciones) deben acumular y poder usar horas de tiempo pagado por enfermedad y asuntos de seguridad en las circunstancias apropiadas. Una compañía el tamaño de Transdev debe conceder a los empleados una hora de PSST por cada 30 horas trabajadas. Transdev voluntariamente se acordó de corregir su política y proveer un beneficio más generoso a sus empleados, concediendo a todos los empleados en Washington a acumular y usar PSST por todas las horas trabajadas (no solamente las horas en Seattle, como la ley requiere) empezando enero 2017. Recibirá un pago de $50 para compensarle por la falta de cumplimiento.

Recibirá una copia actualizada de la política de PSST. Si Ud. tiene preguntas, debe comunicar con su supervisor, el Director de Recursos Humanos, o la Oficina de Normas Laborales. Es prohibido tomar represalias en contra de los trabajadores que revindican sus derechos bajo la ley. Si usted piensa que le estén represaliando, comuníquese con la Oficina de Normas Laborales al 206-684-4500.

 City of Seattle

Edward B. Murray, Mayor

**Office of Labor Standards**
Dylan Orr, Director

### Attachment B - Notice to Unionized Employees

The Office of Labor Standards investigated Transdev Services, Inc. and determined that the company was partially out of compliance with the Paid Sick and Safe Time Ordinance during the period of January 2016 through May 2017.

The Paid Sick and Safe Time ordinance provides that all employees (with some exemptions) must accrue and be able to use paid sick and safe time hours for qualifying circumstances. A company the size of Transdev must allow employees to accrue one PSST hour for every 30 hours worked. Transdev has agreed to voluntarily correct their policy. You will receive a payment of $50 to compensate you for the noncompliance.

You will receive an updated copy of the PSST policy. If you have any questions, you may contact your supervisor, the Director of Human Resources, or the Seattle Office of Labor Standards. Retaliation for asserting your rights under the Ordinances is prohibited. If you think you are being retaliated against, contact the Office of Labor Standards at 206-684-4500.

### Adjunción B – Aviso a los Trabajadores Sindicalistas

La Oficina de Normas Laborales investigó a Transdev Services, Inc. y se enteró que la compañía estuvo parcialmente fuera de cumplimiento con la ley de Tiempo Pagado por Enfermedad y Asuntos de Seguridad durante el periodo del enero 2016 al mayo 2017.

La ley de Tiempo Pagado por Enfermedad y Asuntos de Seguridad (PSST) requiere que a todos los trabajadores (con algunas excepciones) deben acumular y poder usar horas de tiempo pagado por enfermedad y asuntos de seguridad en las circunstancias apropiadas. Una compañía el tamaño de Transdev debe conceder a los empleados una hora de PSST por cada 30 horas trabajadas. Transdev voluntariamente se acordó de corregir su política. Recibirá un pago de $50 para compensarle por la falta de cumplimiento.

Recibirá una copia actualizada de la política de PSST. Si Ud. tiene preguntas, debe comunicar con su supervisor, el Director de Recursos Humanos, o la Oficina de Normas Laborales. Es prohibido tomar represalias en contra de los trabajadores que revindican sus derechos bajo la ley. Si usted piensa que le estén represaliando, comuníquese con la Oficina de Normas Laborales al 206-684-4500.

# Paid Sick and Safe Time Policy (PSST) for Nonunion Employees

### Section I - Purpose of The PSST Ordinance

Seattle's Paid Sick and Safe Time (PSST) Ordinance requires employers to provide their employees with paid hours to take time off from work due to illness or a safety issue. Paid sick and safe time may be used for:

- An employee's personal illness, injury or health condition or medical appointment, or to take care of a family member with an illness, injury or medical appointment. (Sick Time)
- Closure of the employee's place of business or child's school/place of care by order of a public official for health reasons. (Safe Time)
- For reasons related to domestic violence, sexual assault, or stalking—for the employee or a family or household member. (Safe Time)

For paid sick and for paid safe time, "family member" includes a spouse, registered domestic partner, child, parent, grandparent, and parent-in-law.

For paid safe time *only*, "household member" includes stepparents and stepchildren, grandchildren, current and former spouses and domestic partners, persons who have a child in common, adult persons related by blood or marriage, adult persons who have resided or are residing together, and persons 16 years of age or older who are or were residing together and who are or were in a dating relationship.

### Section II - Eligible Employees & General Use

Transdev provides paid sick and safe time for all nonunion employees working in the State of Washington, including full time, part time, temporary, and seasonal employees. PSST benefits are used and accrued based on a benefit year. The benefit year begins January 1st and ends December 31st.

Employees earn 1 hour of PSST for every 30 hours worked. Employees can use accrued PSST on the 90th calendar day after date of hire.

Employees shall not be entitled to receive payment for any accrued but unused PSST upon termination of employment, for any reason.

If an employee is separated from employment and rehired within seven months, the employee's PSST balance, as of the date of separation, shall be reinstated.

### Section III - Accrual, Use & Carry-Over
- Employees accrue 1 hour of PSST for every 30 hours worked.

1

- Employees can use up to 72 hours of PSST per benefit year and carry over up to 72 hours of unused PSST, annually.
  - Exception: during 2017, employees can use an unlimited amount of PSST (for qualifying reasons) and may carry any remaining balance into 2019 without limit.
- Employees will accrue PSST each pay period, based upon hours worked, and can use accrued PSST, in 15-minute increments, as it is earned.

## Section IV – Method of notification of PSST balance

Employees' paid sick and safe time balance will be reflected on wage statements.

## Section V - Reasonable notice requirements for requesting PSST

To request PSST, an employee must follow the employer's notice procedure for absences, including marking the timesheet accordingly. The employee does not have to ask specifically for PSST or disclose the nature of an illness or the specific reason related to a critical safety issue, but the employee does have to give the employer enough information to understand that the absence is for a PSST-qualifying reason.

- If the need for PSST is foreseeable (e.g. doctor appointment), a written request to the immediate manager at least three (3) days, or as early as possible, before the date of use.
- If the need for PSST is not foreseeable (e.g. unexpected illness), the employee must contact his/her immediate manager by phone prior to scheduled start time. If circumstances prevent an employee from contacting his/her immediate supervisor prior to scheduled shift, notice must be made as soon as possible. If the reason for the absence involves domestic violence, sexual assault, or stalking, the employee must provide oral or written notice no later than the end of the first day of using PSST.
- Absences for three consecutive days or more require a note from a physician indicating the necessity of the absence.
- The employer will maintain the confidentiality of information provided by the employee or others regarding an employee's request for PSST.

## Section VI - Retaliation prohibited

Employees shall not be retaliated against for using Paid Sick and Safe Time. You cannot be disciplined or penalized in any way for PSST-qualifying absences.

## Section VII – Point of contact for PSST questions

A notice detailing the requirements of the PSST Ordinance is posted at each base of operations. Questions regarding how the Seattle PSST Ordinance affects you should be directed to your direct supervisor or to the Veolia Human Resources Manager (located at Kent Base). You may

2

also find information about PSST from the Seattle Office of Labor Standards at
www.seattle.gov/laborstandards or 206-684-4500.

3

# Paid Sick and Safe Time Policy (PSST) for Members of Teamsters Local Union No. 117

## Section I - Purpose of The PSST Ordinance

Seattle's Paid Sick and Safe Time (PSST) Ordinance requires employers to provide their employees with paid hours to take time off from work due to illness or a safety issue. Paid sick and safe time may be used for:

- An employee's personal illness, injury or health condition or medical appointment, or to take care of a family member with an illness, injury or medical appointment. (Sick Time)
- Closure of the employee's place of business or child's school/place of care by order of a public official for health reasons. (Safe Time)
- For reasons related to domestic violence, sexual assault, or stalking--for the employee or a family or household member. (Safe Time)

For paid sick and for paid safe time, "family member" includes a spouse, registered domestic partner, child, parent, grandparent, and parent-in-law.

For paid safe time *only*, "household member" includes stepparents and stepchildren, grandchildren, current and former spouses and domestic partners, persons who have a child in common, adult persons related by blood or marriage, adult persons who have resided or are residing together, and persons 16 years of age or older who are or were residing together and who are or were in a dating relationship.

## Section II - Eligible Employees & General Use

Employers are required to provide paid sick and safe time for all employees working in the City of Seattle, including full-time, part time, temporary, and seasonal employees. PSST benefits are used and accrued based on a benefit year. The benefit year begins January 1st and ends December 31st.

Employees earn 1 hour of PSST for every 30 hours worked. Employees can use accrued PSST on the 180th calendar day after date of hire.

Employees shall not be entitled to receive payment for any accrued but unused PSST upon termination of employment, for any reason.

If an employee is separated from employment and rehired within seven months, the employee's PSST balance, as of the date of separation, shall be reinstated.

## Section III - Accrual, Use & Carry-Over

1

- • Employees accrue 1 hour of PSST for every 30 hours worked.
- • Unused PSST hours may be carried over to future years with no limit on the number of hours that may be accrued.
- • Employees will accrue PSST each pay period, based upon hours worked, and can use accrued PSST, in increments of 15 minutes, as it is earned.

### Section IV – Method of notification of PSST balance

Employees' paid sick and safe time balance will be reflected on wage statements.

### Section V - Reasonable notice requirements for requesting PSST

To request PSST, an employee must follow the employer's notice procedure for absences, including marking the timesheet accordingly. The employee does not have to ask specifically for PSST or disclose the nature of an illness or the specific reason related to a critical safety issue, but the employee does have to give the employer enough information to understand that the absence is for a PSST-qualifying reason. To request PSST, complete the "Personnel Action Form" within two days of the PSST time taken, unless doing so interferes with the purposes for which the leave is needed.

- • If the need for PSST is foreseeable (e.g. doctor appointment), a written request to the immediate manager at least three (3) days, or as early as possible, before the date of use.
- • If the need for PSST is not foreseeable (e.g. unexpected illness), the employee must contact his/her immediate manager by phone prior to scheduled start time. If circumstances prevent an employee from contacting his/her immediate supervisor prior to scheduled shift, notice must be made as soon as possible. If the reason for the absence involves domestic violence, sexual assault, or stalking; the employee must provide oral or written notice no later than the end of the first day of using PSST.
- • Absences for sick time of three consecutive days or more require a note from a physician indicating the necessity of the absence.
- • The employer will maintain the confidentiality of information provided by the employee or others regarding an employee's request for PSST.

### Section VI – Retaliation prohibited

Employees shall not be retaliated against for using Paid Sick and Safe Time. You cannot be disciplined or penalized in any way for PSST-qualifying absences.

### Section VII – Point of contact for PSST questions

A notice detailing the requirements of the PSST Ordinance is posted at each base of operations. Questions regarding how the Seattle PSST Ordinance affects you should be directed to your direct supervisor or to the Veolia Human Resources Manager (located at Kent Base). You may

2

also find information about PSST from the Seattle Office of Labor Standards at www.seattle.gov/laborstandards or 206-684-4500.

3