UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE, *et al.*,

   Plaintiffs,

  v.

TRANSDEV SERVICES, INC.,

   Defendant.

NO. C18-1372RSL

ORDER OF REMAND

This matter comes before the Court on "Plaintiffs' Motion for Remand to Seattle Municipal Court." Dkt. # 7. Plaintiffs filed this lawsuit in municipal court seeking to enforce a settlement agreement executed on June 13, 2017. The settlement resolved a charge that defendant had violated Seattle's Paid Sick and Safe Time ("PSST") Ordinance, SMC Chapter 14.16. In the settlement, defendant agreed that its employees would accrue PSST at a rate of one hour for every 30 hours worked and that unused PSST hours could be carried over to future years with no limit on the number of hours accrued. A collective bargaining agreement ("CBA") negotiated with the union representing defendant's drivers, effective July 1, 2016, limits the number of PSST hours that drivers can accrue in a year to 48. Plaintiffs allege that some of defendant's drivers worked enough hours to accumulate more than 48 PSST hours, but that their payroll records reflect only 48 hours. Defendant removed this action to federal court based on

ORDER OF REMAND

both federal question and diversity jurisdiction.

A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court. See 28 U.S.C. § 1441(b). The general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. Federal Question Jurisdiction**

Defendant argues that plaintiffs' contract claim is preempted under § 301 of the Labor Management Relations Act because a determination of the claim will require analysis of Article 14 of the CBA to determine whether the union waived its members' PSST rights. As a general matter, state law claims that are independent of a CBA are not preempted by § 301. See Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005). Section 301 does not only preempt claims that are based on an alleged violation of the collective bargaining agreement, however. It also preempts state statutory and common law claims that are "substantially dependent on analysis of the collective bargaining agreement." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). "When the meaning of [CBA] terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). See also Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1033 (9th Cir. 2016).

In this case, defendant argues that the union waived its members' rights to PSST when it negotiated the CBA. In order to decide that issue, the Court will obviously have to look at the

CBA to determine whether a waiver occurred.

> [A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim[, however]: adjudication of the claim must require interpretation of a provision of the CBA. A creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient; rather, the proffered interpretation argument must reach a reasonable level of credibility. The argument does not become credible simply because the court may have to consult the CBA to evaluate it; "look[ing] to" the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption.

Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691-92 (9th Cir. 2001) (internal footnotes and citations omitted). Defendant asserts that, in order to evaluate its defense, the Court will have to examine the CBA (a) to confirm plaintiffs' allegation that the CBA caps PSST hours and (b) to determine whether the CBA contains a clear and unmistakable waiver of rights granted by the PSST ordinance. The first issue defendant raises does not involve a CBA provision that is reasonably in dispute: a cursory glance at the CBA shows that it expressly caps PSST hours at 48, and defendant does not argue otherwise. Dkt. # 7-3 at 15 ("Employees will accrue one (1) hour of PSST leave for every thirty (30) hours worked, up to a maximum of forty-eight (48) hours of accrued PSST leave per year."). "Interpret" is narrowly defined in this context and means more than "consider," "refer to," or "apply. Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000).

The second issue is slightly more complicated in that the Court will have to determine whether a state law right must be expressly mentioned in the CBA in order for a waiver to be "clear and unmistakable" or whether it is enough to have CBA terms that clearly and unmistakably conflict with the state law right. Once that legal issue is resolved, the fact that the Court will have to refer to the CBA to determine whether it contains a waiver is not enough to preempt the claim. Alaska Airlines Inc. v. Schurke, 989 F.3d 904, 921-22 (9th Cir. 2018); Cramer, 255 F.3d at 692. Defendant has the burden of showing that the defense it interposed will require interpretation of the CBA. It has not, however, identified any term, phrase, or provision

ORDER OF REMAND -3-

of the CBA that is ambiguous or which must be construed or interpreted. Mere reference to the CBA to see if certain language is there is not enough to trigger § 301 preemption. Defendant has not shown that federal question jurisdiction exists.

**B. Diversity Jurisdiction**

Federal courts have jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity is undisputed in this case. The parties do not agree, however, on the amount in controversy. Defendant, as the party seeking federal jurisdiction, has the burden of coming forward with facts showing, by a preponderance of the evidence, that plaintiffs' claim is worth more than $75,000. Dart Cherokee Basin Operating Co., LLC v. Owens, __ U.S. __, 135 S. Ct. 547, 554 (2014).

Plaintiffs allege that defendant breached their settlement agreement by limiting the number of PSST hours its union employees can accrue in any given year to 48. Plaintiffs provide payroll information regarding twelve union employees to demonstrate the problem. Dkt. # 1-2 at ¶ 2.13. Plaintiffs seek the restoration of all PSST hours as if they had they been calculated in accordance with the PSST ordinance, a penalty of $500 per aggrieved employee, and an award of reasonable fees and costs incurred in this action. Defendant asserts that the jurisdictional amount is met because it employs 260 drivers and pays out PSST hours at between $22 and $25 per hour. If, the argument goes, defendant were required to provide each of its union employees with the maximum number of PSST hours that can be accrued under the ordinance and/or to pay a $500 penalty per driver, the amount in controversy would easily exceed $75,000.

The only evidence submitted by defendant is the Declaration of Rafeh N. Haidar, its Area Vice President of Operations. Dkt. # 14-1. Mr. Haidar does not say how many of defendant's drivers are full time or how many of the drivers would have accrued additional PSST hours if it were not for the CBA cap. The information necessary to arrive at a reasonably accurate estimate of the amount in controversy is entirely within defendant's possession, yet it chose not to produce it. Plaintiffs, on the other hand, have reviewed defendant's payroll documents through

December 2017 and have been able to identify only thirteen employees who have been injured by defendant's policy. Dkt. # 7-2 at 2. The data provided in the complaint suggests that the number of hours worked by defendant's drivers varies significantly from one employee to another. If, as the record suggests, there are only a handful of drivers who were shorted PSST hours in any given year, neither the value of those hours nor the statutory penalties will come close to $75,000. Defendant's assumptions that there is a 100% violation rate and that counsel will spend tens of thousands of dollars in fees on what looks to be a small claim is pure speculation. The information in the record does not show, on a more likely than not basis, that the amount in controversy is sufficient to warrant federal jurisdiction over this breach of contract claim.

**C. Attorney's Fees**

Plaintiffs' request for an award of attorney's fees is DENIED. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capitol Corp., 546 U.S. 132, 141 (2005). The Court finds that defendant's reliance on a CBA provision that may substantively impact the contract claim was an objectively reasonable basis for seeking removal.

For all of the foregoing reasons, plaintiffs' motion for remand (Dkt. # 7) is GRANTED. The Clerk of Court is directed to remand this matter to the Municipal Court of the City of Seattle.

Dated this 7th day of November, 2018.

Robert S. Lasnik
United States District Judge